# CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, L.L.C.

A Professional Limited Liability Company
COUNSELLORS AT LAW
The Law Center of Ocean County
9 Robbins Street
Toms River, NJ 08753
(732) 797-1600   Fax: (732) 797-1637
Web site: cldds.com; e-mail: GAhladianakis@cldds.com
*Established 1997*

Stephan R. Leone©±
Edward J. Dimon†
John Paul Doyle
Robert L. Gutman±
Neil Brodsky©
Annemarie Schreiber⊕Δ
Jonathan Z. Petro
Marguerite Kneisser©
Danielle A. Rosiejka☐
Lorraine M. Sult

*Of Counsel*
Joseph J. La Costa
Vincent J. Grasso¤Ø, Ret. A.J.S.C.
Howard Butensky
Melanie Szuba Appleby
Gary Ahladianakis©±
Ronald E. Prusek¤#

©Also admitted in NY
† Also admitted in MA
± Also admitted in DC
☐ Also admitted in PA
¤*Rule* 1:40 qualified Mediator
⊕Member of NAELA, National Academy of Elder Law Attorneys
ΔCertified Elder Law Attorney
#Member of NJAPM, New Jersey Association of Professional Mediators
ØMember, American Arbitration Association

In Memoriam

Richard K. Sacks
Daniel J. Carluccio

January 24, 2020

**<u>Via Electronic Filing</u>**
Zahid N. Quraishi, Magistrate Judge
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

> Re: Victoria Granite vs. CHP International, Inc. and Isabel Ortiz, et als.
> Civil Action No. 3:19-cv-09262-AET-ZHQ
> Our File No. 9142-001

Dear Judge Quraishi:

The undersigned represents the Plaintiff, Victoria Granite, with regard to the above-referenced matter.

Please accept this correspondence as Plaintiff's response to the letter from defense counsel, dated January 21, 2020, addressed to Your Honor, regarding purported unresolved discovery disputes.

I will attempt to respond to defense counsel's assertions in the order that they appear in his aforementioned letter to Your Honor, so as to maintain consistency:

1. Defense counsel's position that Plaintiff's document production contained "a small number of documents" ignores the fact that Plaintiff's interrogatory responses also rely upon the 89 pages of documents provided by Plaintiff as part of her Rule 26 Initial Disclosures, which were served under cover letter dated July 12, 2019.

**CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, L.L.C.**

January 24, 2020
Page -2-

2. As to defense counsel's assertion that Plaintiff's answers to interrogatories were inadequate, non-responsive or otherwise generally refer to Plaintiff's document production is, frankly, a classic example of "the pot calling the kettle black." Specifically, a review of Defendants' answers to Plaintiff's interrogatories reveals that, out of the 20 interrogatories served by Plaintiff, Defendants' responses were nothing more a litany of string objections with no germane information being provided, other than that which was already in Plaintiff's possession, for most of the twenty (20) interrogatories answered by Defendants. Defendants only provided minimal substantive information in only five (5) of their interrogatory responses. In other words, Defendants' interrogatory responses were inadequate, non-responsive, and generally relied on previous interrogatory responses and to Defendants' document production for five (5) out of the twenty (20) interrogatories responses provided by Defendants.

   However, in an effort to move discovery in this case along and inasmuch as I anticipated Plaintiff will obtain the additional information necessary from the depositions of Defendants and their witnesses, I sent correspondence to defense counsel only asking for answers to requests that were left blank and for one (1) outstanding document response, namely, Defendants' Articles of Incorporation and corporate formation documents. (See my correspondence of November 22, 2019 to defense counsel, attached as **Exhibit "A"**). Defense counsel, however, also objected to this request and completely stonewalled my effort to obtain even this one simple document without having to resort to court intervention, which the undersigned refrains from doing over minimal discovery quibbles in lieu of burdening the Court's busy schedule. (See my email exchange with defense counsel, included with **Exhibit "A"**).

3. As to defense counsel's request for medical authorizations so as to allow Defendants to obtain Plaintiff's medical records, Plaintiff objects to this request inasmuch as this request is not reasonably calculated to lead to discovery of admissible evidence and it otherwise only seeks to harass Plaintiff, cause unnecessary delay and needlessly increase the cost of litigation. Specifically, the claims being asserted against Defendants in this matter involve, <u>inter alia</u>, discrimination and retaliation by Defendants against Plaintiff for filing three worker's compensation claims during the course of her employment. Therefore, this is not a personal injury matter, where the substance of Plaintiff's

# CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, L.L.C.

January 24, 2020
Page -3-

medical records are discoverable; the legal issue herein is not Plaintiff's medical condition, but, rather, Plaintiff's filing of worker's compensation claims and Defendants' conduct in response to the same. Simply put, Defendants are not entitled to carte blanche and unfettered access to Plaintiff's medical history based upon the allegations set forth against them in this lawsuit.

That being said, I recently received Plaintiff's worker's compensation records from prior counsel who handled Plaintiff's worker's compensation matter, namely, David H. Lande, Esq. of Gill & Chamas. As I previously advised my adversary, I will be amending Plaintiff's document production shortly to include the records received from worker's compensation counsel's file.

Accordingly, it is respectfully submitted that Plaintiff's discovery responses are not deficient and comply with the requirements set forth under Federal Rules of Civil Procedure. Furthermore, as I advised defense counsel in my correspondence of January 2, 2020, defense counsel's request for more specific answers seeks information above and beyond that called for in the original interrogatory which, in essence, constitutes additional interrogatory subparts which are not allowed under the Rules. (See my correspondence of January 2, 2020, attached as **Exhibit "B"**). To that end, any further information and clarification as to Plaintiff's written discovery responses that may be sought by defense counsel can be obtained at the time of Plaintiff's deposition.

I thank the Court for its attention to this matter.

Respectfully submitted,

GARY AHLADIANAKIS

GA:ll
Enclosure
cc:   Steven K. Parness, Esq. – Via Electronic Filing/Email
      Client

# EXHIBIT "A"

# CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, L.L.C.

**A Professional Limited Liability Company**
COUNSELLORS AT LAW
The Law Center of Ocean County
9 Robbins Street
Toms River, NJ 08753
(732) 797-1600    Fax: (732) 797-1637
Web site: cldds.com, e-mail: GAhladianakis@cldds.com
*Established 1997*

Stephan R. Leone©±
Edward J. Dimon†
John Paul Doyle
Robert L. Gutman±
Neil Brodsky©
Ronald E. Prusek¤#
Annemarie Schreiber⊕Δ
Jonathan Z. Petro
Marguerite Kneisser©
Danielle A. Rosiejka◻

*Of Counsel*
Joseph J. La Costa
Vincent J. Grasso¤Ø, Ret. A.J.S.C.
Howard Butensky
Melanie Szuba Appleby
Gary Ahladianakis©±

©Also admitted in NY
ϒ Also admitted in MA
± Also admitted in DC
◻ Also admitted in PA
¤*Rule* 1:40 qualified Mediator
⊕Member of NAELA, National Academy of Elder Law Attorneys
ΔCertified Elder Law Attorney
#Member of NJAPM, New Jersey Association of Professional Mediators
ØMember, American Arbitration Association

*In Memoriam*
Richard K. Sacks
Daniel J. Carluccio

November 22, 2019

**<u>Via Email parness@methwerb.com</u>**
**<u>and Regular Mail</u>**
Steven K. Parness, Esq.
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
P.O. Box 3012
Edison, New Jersey 08818

> Re:   Victoria Granite vs. CHP International, Inc. and
>       Isabel Ortiz, et als.
>       Civil Action No. 3:19-cv-09262-AET-TJB
>       Our File No. 9142-001

Dear Mr. Parness

  As you are aware, the undersigned represents the Plaintiff, Victoria Granite, with regard to the above-referenced matter

  I am in review of Defendants' answers to interrogatories and responses to document production that were served under cover letter dated November 11, 2019

  While there are various deficiencies and non-responsive answers provided therein, I note the following germane deficiencies

  -Identify, in specific detail, the alleged "insubordination" and "intentional false statements" that Defendants allege Plaintiff made to her superiors at a training session subsequent to being placed on a corrective action plan (CAP) at such time in interrogatory response #5,

  -Notwithstanding Defendants' boilerplate string objections, kindly provide copies of Articles of Incorporation and requisite Corporate Formation documents for Defendant, CHP International, Inc  These documents are certainly relevant to confirm the proper legal name and standing of the named corporate Defendant in this matter,

# CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, L.L.C.

November 22, 2019
Page -2-

    -Defendants' response to Demand for Production #16 object to the term "insurance earner investigators" is not defined. However, Plaintiff's original Demand for Production never used such phrase, but rather, the phrase "insurance carrier investigators" – this appears to be a typographical error caused by your office's word scanning software error. Kindly provide a proper response to this Demand to Produce with the understanding that the request related to any and all insurance carrier investigators employed by Defendants or its insurance carrier, and

    -There is no response following Demand for Production #19. Please provide a response.

    Please provide the proper responses requested and documentation to satisfy these deficiencies within the next ten (10) days. Please be further advised, that this constitutes Plaintiff's final good faith attempt to resolve this discovery issue and any continued non-compliance will result in the undersigned being compelled to contact the Magistrate Judge to resolve this discovery issue.

    Thank you for your anticipated cooperation in that regard.

Very truly yours,

GARY AHLADIANAKIS

GA:lu
cc: Client – Via Email

# Gary Ahladianakis

| | |
|---|---|
| From: | Steven K. Parness <parness@methwerb.com> |
| Sent: | Tuesday, December 3, 2019 1:23 PM |
| To: | Gary Ahladianakis |
| Cc: | Lisa Urspruch; Ashley E. Malandre |
| Subject: | RE: Granite v. CHP International, et al.  Our File 86902 |

Gary:  I disagree.  Simply suing a corporate entity does not give you a right to formation documents, or any other irrelevant information concerning the corporate entity.  This is an employment dispute.  We stated the bases for our objection in our certified responses, including that the request is irrelevant and designed to harass Defendant.  The fact that you cannot come up with a rationale for the request appears to confirm that there is no legitimate basis.  If you want to raise the issue with the Magistrate, that's your call.  If you want to advise me how this is relevant, we'll reconsider the request.   Steve



Steven K. Parness | Counsel
Methfessel & Werbel, P.C.
2025 Lincoln Highway | Suite 200 | Edison, NJ 08818
Direct: 732-379-5013
Fax: 732-248-2355 | bio |www.methwerb.com
_____



**New Jersey's Top Insurance Law Firm**
   **- New Jersey Law Journal, 2014, 2015, 2016, 2017**

**From:** Gary Ahladianakis [mailto:GAhladianakis@cldds.com]
**Sent:** Tuesday, December 03, 2019 11:59 AM
**To:** Steven K. Parness <parness@methwerb.com>
**Cc:** Lisa Urspruch <LUrspruch@cldds.com>
**Subject:** RE: Granite v. CHP International, et al. Our File 86902

Steve –

As I explained in my deficiency letter to you, these documents are certainly relevant as the named defendant is a corporate entity. However, the burden is not on me but, rather, on you, as counsel for the party raising the objection, to identify as to why you believe these corporate formation documents are somehow not discoverable per standards set forth under the Rules.  Please advise as to your exact position in that regard or otherwise produce the requested documents, so that we can avoid having to raise this issue with the Magistrate.

Thanks.

Gary Ahladianakis, Esq., Of Counsel
Carluccio, Leone, Dimon, Doyle & Sacks, LLC
9 Robbins St
Toms River, NJ  08753
732-797-1600
www.CLDDS.com

1



**IMPORTANT NOTICE: NOTICE OF ATTORNEY'S CONFIDENTIALITY:**
The material submitted herewith contains, and is intended to be, a confidential transmission of information or documents from CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, LLC, which is legally privileged. The materials or information enclosed are intended only for the use of the individual or entity named in this transmission sheet. If you are not the intended recipient, any disclosure, copying, distribution or the taking of any action in reliance on the contents of this transmission is strictly prohibited. If you have received this e-mail transmission in error, immediately forward a reply to same and then delete the message. Please note that if this email message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender but is presumptively privileged. This notice is automatically appended to each e-mail message leaving this office's e-mail domain. Thank you.

**From:** Steven K. Parness <parness@methwerb.com>
**Sent:** Monday, December 2, 2019 5:47 PM
**To:** Gary Ahladianakis <GAhladianakis@cldds.com>
**Cc:** Lisa Urspruch <LUrspruch@cldds.com>
**Subject:** RE: Granite v. CHP International, et al. Our File 86902

Gary: I'm glad to hear that you will be providing discovery responses, as I know the Federal Court does not like discovery motion practice. As to your request for corporate information, as I stated in my letter, please advise how this information could possibly be relevant to Plaintiff's claims, and we will consider it. Steve



Steven K. Parness | Counsel
Methfessel & Werbel, P.C.
2025 Lincoln Highway | Suite 200 | Edison, NJ 08818
Direct: 732-379-5013
Fax: 732-248-2355 | bio |www.methwerb.com
_____



**New Jersey's Top Insurance Law Firm**
  **- New Jersey Law Journal, 2014, 2015, 2016, 2017**

**From:** Gary Ahladianakis [mailto:GAhladianakis@cldds.com]
**Sent:** Monday, December 02, 2019 5:00 PM
**To:** Steven K. Parness <parness@methwerb.com>
**Cc:** Lisa Urspruch <LUrspruch@cldds.com>
**Subject:** RE: Granite v. CHP International, et al. Our File 86902

Steve –

I anticipate having my client's answer to interrogatories finalized within the next week.

Your response for not providing the corporate formation documents is unsatisfactory. FYI – my deficiency letter to you was dictated prior to receiving your 10-day letter.

Thanks in advance for your anticipated cooperation.

Gary Ahladianakis, Esq., Of Counsel
Carluccio, Leone, Dimon, Doyle & Sacks, LLC
9 Robbins St

Toms River, NJ  08753
732-797-1600
www.CLDDS.com



**IMPORTANT NOTICE:  NOTICE OF ATTORNEY'S CONFIDENTIALITY:**
The material submitted herewith contains, and is intended to be, a confidential transmission of information or documents from CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, LLC, which is legally privileged.  The materials or information enclosed are intended only for the use of the individual or entity named in this transmission sheet.  If you are not the intended recipient, any disclosure, copying, distribution or the taking of any action in reliance on the contents of this transmission is strictly prohibited.  If you have received this e-mail transmission in error, immediately forward a reply to same and then delete the message.  Please note that if this email message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender but is presumptively privileged.  This notice is automatically appended to each e-mail message leaving this office's e-mail domain.  Thank you.

**From:** Steven K. Parness <parness@methwerb.com>
**Sent:** Tuesday, November 26, 2019 4:23 PM
**To:** Gary Ahladianakis <GAhladianakis@cldds.com>
**Cc:** Lisa Urspruch <LUrspruch@cldds.com>
**Subject:** Granite v. CHP International, et al. Our File 86902

Please see attached.



Steven K. Parness | Counsel
Methfessel & Werbel, P.C.
2025 Lincoln Highway | Suite 200 | Edison, NJ 08818
Direct: 732-379-5013
Fax: 732-248-2355 | bio |www.methwerb.com
_____



**New Jersey's Top Insurance Law Firm**
   - New Jersey Law Journal, 2014, 2015, 2016, 2017

# EXHIBIT "B"

# CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, L.L.C.

A Professional Limited Liability Company
COUNSELLORS AT LAW
The Law Center of Ocean County
9 Robbins Street
Toms River, NJ 08753
(732) 797-1600    Fax: (732) 797-1637
Web site: cldds.com; e-mail: GAhladianakis@cldds.com
*Established 1997*

Stephan R. Leone◊±
Edward J. Dimon†
John Paul Doyle
Robert L. Gutman±
Neil Brodsky◊
Annemarie Schreiber⊕Δ
Jonathan Z. Petro
Marguerite Kneisser◊
Danielle A. Rosiejka☐
Lorraine M. Sult

*Of Counsel*
Joseph J. La Costa
Vincent J. Grasso¤Ø, Ret. A.J.S.C.
Howard Butensky
Melanie Szuba Appleby
Gary Ahladianakis◊±
Ronald E. Prusek¤#

◊ Also admitted in NY
† Also admitted in MA
± Also admitted in DC
☐ Also admitted in PA
¤*Rule* 1:40 qualified Mediator
⊕Member of NAELA, National Academy of Elder Law Attorneys
ΔCertified Elder Law Attorney
#Member of NJAPM, New Jersey Association of Professional Mediators
ØMember, American Arbitration Association

In Memoriam

Richard K. Sacks
Daniel J. Carluccio

January 2, 2020

<u>**Via Email parness@methwerb.com**</u>
<u>**and Regular Mail**</u>
Steven K. Parness, Esq.
METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
P.O. Box 3012
Edison, New Jersey 08818

   Re: Victoria Granite vs. CHP International, Inc. and
      Isabel Ortiz, et als.
      Civil Action No. 3:19-cv-09262-AET-TJB
      Our File No. 9142-001

Dear Mr. Parness:

  As you are aware, the undersigned represents the Plaintiff, Victoria Granite, with regard to the above-referenced matter.

  I am in receipt of your correspondence of December 18, 2019. Initially, I am advised that my office cannot currently properly Bates stamp Plaintiff's document production.

  Furthermore, your request for more specific answers to interrogatories fail to ignore or otherwise consider Plaintiff's valid objections. Furthermore, your request for more specific answers go beyond the scope of the initial interrogatories served and constitute additional interrogatories and/or sub-parts in contravention to the Federal Rules of Civil Procedure, which limit interrogatories to 25, inclusive of sub-parts.

# CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, L.L.C.

January 2, 2020
Page -2-

  Please be advised that Plaintiff stands by her responses to Defendants' written discovery demands as conforming to the requirements under the Federal Rules of Civil Procedure. Should you wish to further clarify Plaintiff's responses or seek any additional information, as you request in your aforementioned correspondence, please feel free to do so at the time of Plaintiff's deposition.

  Finally, please note that I have now received a copy of the worker's compensation file from Plaintiff's prior counsel at Gill & Chamas LLC, which will be produced as a supplemental document production shortly.

  I trust that this letter addresses, and clarifies Plaintiff's position regarding, your discovery concerns set forth in your aforementioned correspondence.

  Thank you for your attention to this matter.

Very truly yours,

GARY AHLADIANAKIS

GA:ll
cc: Client – Via Email